Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE No. DC-C201500800

| PARTY INFORMATION | | |
|---|---|---|
| | | Lead Attorneys |
| Defendant | Allstate Texas Lloyd's | |
| Defendant | MULRY, ROBERT | |
| Plaintiff | Solberg, Richard | Thomas M. Furlow<br>*Retained*<br>210-910-4501(W) |

| EVENTS & ORDERS OF THE COURT |
|---|

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/10/2015 | **Original Petition (OCA)**<br>*Plaintiff's Original Petition Demand for Jury and Written Discovery to Defendant-2 cits iss-Cert mail* |
| 12/10/2015 | **Motion to Compel**<br>*Motion to Compel Mediation* |
| 12/10/2015 | **Proposed Order**<br>*Order to Compel-Sent to Court* |
| 12/17/2015 | **Order**<br>*on Motion to Compel Mediation* |
| 12/29/2015 | **Citation** |

|  | |  |
|---|---|---|
| | Allstate Texas Lloyd's | Unserved |
| | MULRY, ROBERT | Unserved |

| | |
|---|---|
| 12/29/2015 | **Citation**<br>*Two cits issued : Allstate Texas Lloyds and Robert Mulry* |
| 12/31/2015 | **Certified Mail Receipts** |
| 12/31/2015 | **Certified Mail Receipts** |
| 01/07/2016 | **Green Card Returns** |

**EXHIBIT**

**B**

David D. Lloyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

CAUSE NO. DC-C201500800

| | | |
|---|---|---|
| RICHARD SOLBERG | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | JOHNSON COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| AND ROBERT MULRY | § | 413th  JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RICHARD SOLBERG hereinafter called "Plaintiff," complaining of ALLSTATE TEXAS LLOYD'S and ROBERT MULRY, hereinafter called "Defendants," and for cause of action would respectfully show unto the Court the following:

I.

### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiff is an individual residing in Johnson County, Texas. Discovery should be Level III.

Defendant, **ALLSTATE TEXAS LLOYD'S** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its attorney for service of process, **CT Corporation System, 1999 Bryan Street,  Suite 900, Dallas, Texas 75201**. Service is requested by certified mail, return receipt requested at this time.

Defendant MULRY is an individual residing in and domiciled in the State of Texas. This Defendant may be served with personal process by a process server at his primary place of residence at 1750 VZ County Road 4823 Chandler, Texas 75758. Service is requested by certified mail, return receipt requested at this time. This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

II.

1

**EXHIBIT
B-1**

AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendants itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of insurance. Plaintiff is a consumer of the Defendants, in that he purchased insurance from said entity and/or service to be provided by it. Said Defendants are an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendants constitute persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, ALLSTATE TEXAS LLOYD'S, is Plaintiff's homeowners' insurance company. The actions set forth in this complaint were committed by the Defendants, or its actual or apparent agents. Plaintiff owns and resides in a dwelling at **800 County Road 305, Grandview Texas 76050.** Defendants provided coverage to the Plaintiff under a Homeowners' policy, for such dwelling, personal property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiff sustained covered losses in the form of storm damage, including but not limited to damage from wind and/or hail and damages resulting therefrom, and Plaintiff properly reported same to Defendants pursuant to the terms of the insurance policy. **Plaintiffs gave proper notice of the facts of loss and Defendant assigned claim number 0366776177 PLT for date of loss 04/24/2015.**

Defendant Allstate assigned Defendant Mulry as the individual adjuster on the claim. Adjuster Mulry conducted several substandard investigations, which is evident in the estimate provided and correspondence from Defendants to Plaintiffs. At each inspection, Defendant Mulry spent an inadequate amount of time at the subject residence. Defendant Mulry initially denied the claim entirely stating that he found no covered damages. Although Allstate determined enough hail damage coverage to the Plaintiff's vehicle to completely write off the Plaintiff's car (which was parked outside the home at the time of the storm) Defendant Mulry stated he found no hail damage to the home. However, at later inspections he admitted that he may have missed some of the covered damages. As a result, it is evident from his reports that he continuously failed to include many of the Plaintiff's damages despite multiple inspections. Defendant Mulry misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

Garcia misrepresented the policy provision in correspondence to the insured in order to misinform Plaintiffs and reduce their understanding of their rights under the policy below what was actually covered by the policy. Exclusionary language clearly inapplicable to the loss or claim was cited in order to convince Plaintiff's there loss was not covered in whole or in part, when in fact it was a covered loss. As such, Defendants knowingly or recklessly made false representations, as described, as to material facts and/ or knowingly concealed all or part of material information from Plaintiff.

V.

The Plaintiff's home sustained damages caused by the wind/hail peril, including damage to the roof, the interior, and architectural finishes. Damages include the cost of construction, repairs, and restoration of the home, necessary to repair the damages to Plaintiff's residence. These constituted covered damages under Plaintiff's homeowners' insurance policy with the Defendant, ALLSTATE TEXAS LLOYD'S.

VI.

Defendant, ALLSTATE TEXAS LLOYD'S, and its adjusters have had ample opportunity to inspect Plaintiff's property, in connection with Plaintiff's claim for property damage. Defendants knew or should have known that Plaintiff had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. ALLSTATE TEXAS LLOYD'S was also made aware of the need to perform repairs to the damages to Plaintiff's home as a result of the wind and/or hail storm. ALLSTATE TEXAS LLOYD'S knew that a substantial covered loss was owed. Nonetheless, ALLSTATE TEXAS LLOYD'S denied, delayed, grossly underpaid, and/or failed to properly investigate some or all of Plaintiff's covered losses with no reasonable basis. ALLSTATE TEXAS LLOYD'S has failed to act promptly or to a good faith investigation. This is bad faith claim delay and/or denial and a

4

violation of Chapters 541 and 542 of the Texas Insurance Code. ALLSTATE TEXAS LLOYD'S violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, statutory penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendants have failed and refused to pay the Plaintiff a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which they are entitled. ALLSTATE TEXAS LLOYD'S knew that substantial damage had been caused by the loss, and yet refused to investigate most or all of such damages.

VIII.

Such denials, delays, refusals and/or failures to pay by ALLSTATE TEXAS LLOYD'S was in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiff, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiff's claims for damage, and ALLSTATE TEXAS LLOYD'S knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. Defendants conducted an outcome-oriented investigation with the intent of either denying or underpaying the claim. The conduct of Defendant, ALLSTATE TEXAS LLOYD'S was irresponsible, unconscionable, and took advantage of the Plaintiff(s)' lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendant, ALLSTATE TEXAS LLOYD'S, amounts to one or more of the following:

1) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

2) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

3) failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988);

4) committing a course of conduct that is unconscionable;

5) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

6) refusing to fully pay a claim without a reasonable basis in violation of common law;

7) delaying full payment of a claim without a reasonable basis in violation of common law;

8) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

9) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

10) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

11) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

12) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

13) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms of the policy or other facts.

IX.

As a result of all of such conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of ALLSTATE TEXAS LLOYD'S was committed knowingly, and under circumstances constituting willful and wanton

and reckless disregard of the rights of the Plaintiff and others similarly situated. Such conduct of ALLSTATE TEXAS LLOYD'S was negligent and tortuous. The conduct of ALLSTATE TEXAS LLOYD'S constituted negligent misrepresentation of fact, or actionable fraud. The conduct of ALLSTATE TEXAS LLOYD'S proximately caused the injuries and damages to the Plaintiff for which he sues.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendants liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred.

XI.

Defendants have, by its conduct, breached their contract of insurance with the Plaintiff. Such breach proximately caused damages to the Plaintiff including consequential damages. In addition, Plaintiff is entitled to recover attorney's fees in connection with Plaintiff's contractual causes of action. In addition, as a supplement to such contractual causes of action, each Defendants are liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XII.

Defendants owe the Plaintiff significant sums for known losses. Further, under the contract of insurance, the Defendants owe the Plaintiffs reasonable compensation for additional living expenses because repairs to be performed to their residence and required by the above losses will require that they incur living expenses over and above those normally incurred while residing in the home.

XIII.

7

The conduct of ALLSTATE TEXAS LLOYD'S was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiff and Plaintiff's attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, ALLSTATE TEXAS LLOYD'S conduct was malicious and fraudulent, and therefore, Plaintiff seeks punitive damages.

XIV.

All of the conditions precedent to bringing this suit under the policy and to the Defendants liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred, or compliance with said notice is excused, or rendered impractical due to the approaching statute of limitations on this matter. More than sixty days prior to the filing of this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent to the Defendants, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiff complied with all terms and conditions of the policy, but their claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiff and leave them free to sue for those benefits to which they are entitled that were denied or underpaid.* In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the Defendants waived them, the Defendants are estopped from asserting them, and/or the Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendants, and as to each claim for breach of contract or statutory violation as to said Defendants.

XV.

As to any exclusion or endorsement relied upon by the Defendants, Plaintiff would show that such is void and does not form a portion of Plaintiff(s)' insurance policy with Defendants, ALLSTATE TEXAS LLOYD'S. The reason this is so includes, but is not limited to the following:

1) there is no consideration for such exclusion;

2) such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

3) such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

4) such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

5) such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

6) such exclusion is adhesive;

7) any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

8) the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiff(s)' policy with Defendant(s). In particular, such cancellation of a portion of Plaintiff(s)' coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

9) the clear and unambiguous language of the policy provides coverage for dwelling damage caused by water, including the cost of access to fix any leaking plumbing, system, or appliance.

10) In the alternative, any other construction of the language of the policy is void as against public policy;

11) In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiff(s);

12) In the alternative, Defendant(s) is/are judicially, administratively, or equitably estopped from denying Plaintiff(s)' construction of the policy coverage at issue;

13) In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff(s) plead(s) the doctrine of mutual mistake requiring reformation.

14) Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

15) The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

### XVI.

Plaintiff asserts all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seeks breach of contract and Chapter 542 of the Texas Insurance Code causes of action against ALLSTATE TEXAS LLOYD'S at this time for actual damages and attorney's fees Chapter 542 penalties. Plaintiff seeks from ALLSTATE TEXAS LLOYD'S actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use and enjoyment of the home.

### XVII.
### DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiff such relief as to which they may show themselves justly entitled, either at law or in equity, either general or special, including judgment against the Defendants for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

10

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas  78232
Telephone: (210) 910.4501
Telecopier: (210) 910.4513

By: _____

      THOMAS M. FURLOW
      State Bar No. 00784093
      Email:  tfurlow@furlowlawfirm.com

<u>PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANTS</u>

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a)    the correct names of the parties to the lawsuits;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual basis of Plaintiffs' claims;

(d)    the amount and any method of calculating economic damages;

(e)    the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    for any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiffs, documents reflecting such information;

    (4)    if the expert is retained, employed by or otherwise subject to the control of Plaintiffs:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

        (B)    the expert's current resume and bibliography;

(g)    any indemnity or insuring agreements;

(h)    any settlement agreements, described in Rule 192.3(g);

(i)    any witness statements, described in Rule 192.3(h);

(j)    all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please

produce responsive documents to the Furlow Law Firm, PLLC 1032 Central Parkway South,

San Antonio, Texas 78232.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
Telephone:     (210) 910.4501
Telecopier:    (210) 910.4513

By: _____
THOMAS M. FURLOW
State Bar No. 00784093
Email:  tfurlow@furlowlawfirm.com

Filed: 12/10/2015 12:52:40 PM
David Floyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

CAUSE NO. DC-C201500800

| | | |
|---|---|---|
| RICHARD SOLBERG | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | JOHNSON COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| AND ROBERT MULRY | § | 413th   JUDICIAL DISTRICT |

## MOTION TO COMPEL MEDIATION

RICHARD SOLBERG files this Motion to Compel Mediation requesting that this Court compel mediation in this lawsuit, pursuant to Section 154.021(a) of the Texas Civil Practices and Remedies Code:

I.

Defendant, ALLSTATE TEXAS LLOYD'S, is Plaintiffs' homeowners' insurance company. Plaintiff owns and/or resides in a dwelling at **800 County Road 305, Grandview Texas 76050.** Defendants provided coverage to the Plaintiffs under a Homeowners' policy, for such dwelling, personal property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiffs sustained covered losses in the form of storm damage, including but not limited to damage from wind and/or hail and damages resulting therefrom, and Plaintiffs properly reported same to Defendants pursuant to the terms of the insurance policy.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendants have failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations.  In fact, after such refusals to pay and investigate, Plaintiffs were forced to file suit to seek the policy benefits to which they are entitled.

II.



EXHIBIT
B-2

RICHARD SOLBERG requests that this Court enter an order referring this matter to mediation pursuant to Section 154.021(a) of the Texas Civil Practices and Remedies Code within thirty (30) days of the filing of this motion and appointing a mediator to mediate this case. Referral to mediation is in keeping with Texas' public policy of encouraging the resolution of disputes and early settlement of pending litigation through voluntary settlement procedures, as stated in Section 154.002 of the Texas Civil Practice and Remedies Code. Proceeding with this lawsuit to trial will require substantial additional time and expense for both sides. Therefore, an immediate mediation would provide a forum to facilitate communication between the parties and promote reconciliation, settlement, or understanding among them.

Accordingly, PLAINTIFF respectfully request that the Court:

1. Refer this action to mediation to be conducted pursuant to Chapter 154 of the Texas Civil Practice and Remedies Code, and that the Court direct each party or a representative of each party having settlement authority to attend mediation proceedings at the time and place directed by the mediator or the Court;

2. Appoint an impartial third party to serve as the mediator, who meets the qualifications established in Section 154.052 of the Texas Civil Practice and Remedies Code;

3. Direct the parties not to reveal to the Court any matter relating to the mediation, other than informing the Court as to whether the mediation was conducted and whether the parties reached an agreement on all the issues;

4. Require the parties to participate in the mediation in good faith; and,

5. Provide for payment of one-half of the fees and expenses of the mediator by each party.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas  78232
Telephone:      (210) 910.4501
Telecopier:     (210) 910.4513


By: _____
         THOMAS M. FURLOW
         State Bar No. 00784093
         Email:  tfurlow@furlowlawfirm.com

ATTORNEY FOR PLAINTIFF

CAUSE NO. __DC-C201500800__

| | | |
|---|---|---|
| RICHARD SOLBERG | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | JOHNSON COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| AND ROBERT MULRY | § | __413th__ JUDICIAL DISTRICT |

## ORDER

This Court, having considered Plaintiffs' Motion to Compel Mediation, is of the opinion that mediation is appropriate and the Motion should be granted. It is, therefore,

ORDERED that the Motion to Compel Mediation is granted, and that

_____is appointed and shall serve as mediator. It is, further,

ORDERED that the parties are to share the fees and expenses of the mediator equally, and the parties are to participate in the mediation in good faith. It is, further,

ORDERED that a representative of each party attend the mediation proceedings which shall occur within _____ days of today.  It is, further,

ORDERED that the Clerk shall serve notice of this Order upon counsel for all parties.

SIGNED this _____ day of _____ , _____ .


_____
Presiding Judge


EXHIBIT
B-3

CAUSE NO. ___DC-C201500800___

| | | |
|---|---|---|
| RICHARD SOLBERG | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | JOHNSON COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| AND ROBERT MULRY | § | 413th JUDICIAL DISTRICT |

## ORDER

This Court, having considered Plaintiffs' Motion to Compel Mediation, is of the opinion that mediation is appropriate and the Motion should be granted. It is, therefore,

ORDERED that the Motion to Compel Mediation is granted, and that *Light Higgins* is appointed and shall serve as mediator. It is, further,

ORDERED that the parties are to share the fees and expenses of the mediator equally, and the parties are to participate in the mediation in good faith. It is, further,

ORDERED that a representative of each party attend the mediation proceedings which shall occur within _____ days of today. It is, further,

ORDERED that the Clerk shall serve notice of this Order upon counsel for all parties.

SIGNED this _17th_ day of _Dec_, _2015_.

_____
Presiding Judge

FILED
JOHNSON COUNTY
2015 DEC 17 PH 2:47
DAVID R. LLOYD
DISTRICT CLERK
BY _____

EXHIBIT
B-4

# 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔗𝔢𝔵𝔞𝔰

413TH DISTRICT COURT                                          JOHNSON COUNTY, TEXAS

DISTRICT CLERK                                               ATTORNEY FOR PLAINTIFF(S)

DAVID R. LLOYD                                              THOMAS M. FURLOW
GUINN JUSTICE CENTER                                        1032 CENTRAL PARKWAY SOUTH
P.O. BOX 495                                                SAN ANTONIO, TEXAS 78232
CLEBURNE, TEXAS 76033



====================================================================
## C I T A T I O N  -  M A I L  -  C E R T I F I E D
====================================================================

**(PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT)**
CAUSE NO. <u>DC-C201500800</u>

TO:  ALLSTATE TEXAS LLOYDS
     % REG. AGENT, CT CORPORATION SYSTEM
     1999 BRYAN STREET, SUITE 900
     DALLAS, TX 75201

DEFENDANT - GREETINGS:

YOU ARE HEREBY COMMANDED to appear before the <u>413TH DISTRICT COURT</u> of Johnson County, Texas, by filing a written answer to the Plaintiff's Petiton by 10:00 a.m. of the Monday next following the expiration of twenty (20) days after the service date of this citation and petiton, filed in said court on the <u>10TH DAY OF DECEMBER, 2015</u>, in this cause numbered <u>DC-C201500800</u>, and styled:

<u>RICHARD SOLBERG VS. ALLSTATE TEXAS LLOYD'S,ROBERT MULRY</u>

Issued and given under my hand and seal of said court at Cleburne, Texas, this <u>29TH DAY OF DECEMBER, 2015</u>.

                                        DAVID R. LLOYD - DISTRICT CLERK
                                        413TH DISTRICT COURT
                                        JOHNSON COUNTY, TEXAS

                                        BY _____Sally L Van Ss_____ DEPUTY

EXHIBIT
B-5

OFFICER'S RETURN BY MAILING

CAUSE NO. <u>DC-C201500800</u>

Came to hand the _____ day of _____, _____, and executed by mailing to the Defendant, via certified mail, return receipt requested, a true copy of this citation together with an attached copy of afore-mentioned petiton to the following address:

_____     _____
DEFENDANT                                                    ADDRESS

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by _____ and dated _____.

This citation was not executed for the following reason(s):
_____
_____

To certify which witness my hand officially, _____
                                                                        Sher./Const./Dist. Clerk

Fee for serving citation: $_____    _____ County, Texas

                                                                By _____ Deputy

ATTACH RETURN RECEIPT(S) WITH ADDRESSEE'S SIGNATURE BELOW:

SUBSCRIBED AND SWORN TO by _____ before me, the undersigned authority, this _____ day of _____, _____.

_____     _____
Notary Public (State of Texas)                   Notary Public (Printed Name)

               Commission Expiration:    _____

CAUSE NO. No. DC-C201500800

| | | |
|---|---|---|
| **RICHARD SOLBERG,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JOHNSON COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYDS and** | § | |
| **ROBERT MULRY,** | § | |
| | § | |
| **Defendants.** | § | **413th JUDICIAL DISTRICT** |

## ORIGINAL ANSWER OF DEFENDANT ALLSTATE TEXAS LLOYDS

Allstate Texas Lloyds ("Defendant") files its Original Answer and shows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations in Plaintiff's Original Petition, and, since they are allegations of fact, requests that the Plaintiff be required to prove them by a preponderance of the credible evidence as is required by state law.

WHEREFORE, Defendant requests that upon hearing hereof, Plaintiff recover nothing from Defendant, and that Defendant recover all costs of court and such other and further relief at law or in equity to which they may be justly entitled.



EXHIBIT
B-6

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Bradford K. Burdette*
Bradford K. Burdette
State Bar No. 03364700
bburdette@thompsoncoe.com
Roger D. Higgins
State Bar No. 9601500
rhiggins@thompsoncoe.com
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:   (214) 871-8200
Facsimile:   (214) 871-8209

**ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2016, a true and correct copy of the foregoing document was served upon all known counsel by electronic service and/or facsimile in accordance with the Texas Rules of Civil Procedure:

Thomas M. Furlow
Furlow Law Firm, PLLC
1032 Central Parkway South
San Antonio, TX  78232

*/s/ Bradford K. Burdette*
Bradford K. Burdette